**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **JAMES CRAIG ORR, AS RECEIVER OVER U.S. PATENT NO. 5,977,958**<br><br>    Plaintiff,<br><br>v.<br><br>**CANON U.S.A., INC., AND I.R.I.S. INC.,**<br><br>    Defendants. | **Civil Action No. 2:14-CV-1171**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which James Craig Orr, as receiver over U.S. Patent No. 5,977,958 ("Plaintiff") makes the following allegations against Canon U.S.A., Inc. and I.R.I.S. Inc., (collectively "Defendants"):

## PARTIES

1. Plaintiff James Craig Orr, as receiver over U.S. Patent No. 5,977,958, is a resident of the state of Texas.

2. Defendant Canon U.S.A., Inc. is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 1 Canon Park, Melville, NY 11747. Canon may be served via its registered agent: Corporation Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701.

3. On information and belief, Defendant I.R.I.S. Inc., is a wholly owned subsidiary of Canon, and is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at 955 NW 17th Avenue, Unit A, Delray Beach, Florida 33445.

## JURISDICATION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this District, and has committed and/or induced acts of patent infringement in this District.

6. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,977,958

7. Plaintiff is the receiver of United States Patent No. 5,977,958 ("the '958 Patent") titled "Method and System for Digitizing Handwriting." A true and correct copy of the turnover order is hereto attached as **Exhibit A**. The '958 Patent issued on November 2, 1999. A true and correct copy of the '958 Patent is hereto attached as **Exhibit B**.

8. Upon information and belief, Defendants have been and is now infringing the '958 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, selling various digital pen products (including, without limitation, IRISNotes and IRISNotes 2), having a transmitter for transmitting a plurality of radio frequency pulses, having a plurality of receivers at known mutual relative

positions, for receiving the radio frequency pulses upon receipt of a gating pulse and outputting a digital representation of a received amplitude, and having a mechanism for generating a plurality of gating pulses covered by one or more claims of the '958 Patent to the injury of Plaintiff. Defendants are directly infringing, literally infringing, and/or infringing the '958 Patent under the doctrine of equivalents. Defendants are thus liable for infringement of the '958 Patent pursuant to 35 U.S.C. § 271.

9. As a result of Defendants' infringement of the '958 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of Plaintiff's invention by Defendants, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

10. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '958 Patent, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed the '958 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '958 Patent, or such other equitable relief the Court determines is warranted;

3.	A judgment and order requiring Defendants to pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '958 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4.	Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED December 31, 2014.

Respectfully submitted,
By: /s/ *Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 310
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF JAMES CRAIG ORR, AS RECEIVER OVER U.S. PATENT NO. 5,977,958**